## Nicholas Nudelman, trading as Nudelman & Company, Defendant in Error, v. C. B. Haffenberg, Plaintiff in Error.

### Gen. No. 21,120.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed May 12, 1916.

### Statement of the Case.

Action by Nicholas Nudelman, trading as Nudelman & Company, plaintiff, against C. B. Haffenberg, defendant, to recover commissions for the sale of real estate. To reverse a judgment for plaintiff on default, defendant prosecutes a writ of error.

Plaintiff brought an action in the Municipal Court of Chicago to recover of the defendant commission as

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a real estate broker for procuring a purchaser for certain real estate. The cause came on for trial before a judge and a jury, and after hearing the evidence, the court instructed the jury to find the issues for the defendant. The jury returned their verdict accordingly and judgment was entered thereon. A writ of error was sued out from this court, and the judgment of the Municipal Court was reversed and the cause remanded (185 Ill. App. 91). On the second trial the defendant did not appear. Plaintiff introduced evidence and the jury returned a verdict on which the judgment now before us was entered.

On October 5, 1914, the defendant entered a motion to vacate the judgment and filed his affidavit in support thereof, which stated in substance that he did not know of the entry of the judgment against him until a few days after it had been entered, that about June 26, 1914, he was served with notice that the plaintiff would ask that the cause be set for trial at an early date; that afterwards, on the same day, he received a telephone message from some one who purported to represent counsel for plaintiff and was informed that he need pay no further attention to the notice, and that he would be again notified before the cause was set for trial; that he paid no further attention to it and received no further notice; that he had a good defense on the merits; that the real estate in question did not belong to him but was the property of the Eagle Sausage Works, a corporation, which was in bankruptcy, and that this was well known to the plaintiff prior to and at the time he obtained a purchaser for the real estate; that the plaintiff filed his verified petition in the bankruptcy proceeding, claiming his commissions as a real estate broker for making the sale; that in said petition plaintiff stated that the defendant was acting as agent of the Eagle Sausage Works; that plaintiff's claim for such commission was disallowed in such bankruptcy proceeding. The affidavit further stated that when the

defendant entered into the contract for the sale of the real estate, plaintiff knew that the real estate did not belong to the defendant, but that the defendant was acting as agent of the Eagle Sausage Works. Plaintiff filed a counter-affidavit in which he admitted that he endeavored to collect his commissions in the bankruptcy proceeding as above stated; that he then believed under the law that the bankrupt estate was liable for the commissions; that his claim was disallowed in the bankruptcy proceeding; that he afterwards employed counsel who informed him that as the contract was made personally by the defendant and not as agent, the defendant was personally liable. Counsel for plaintiff and their clerks filed affidavits setting up that no one in their office had telephoned that the case would not be set for trial in accordance with the notice served on the defendant; that the case appeared each day on the regular trial call published in the Chicago Daily Law Bulletin from September 11th until September 21st, when it was reached for trial.

Sabath, Stafford & Sabath, for plaintiff in error.

Blum & Blum, for defendant in error.

Mr. Justice O'Connor delivered the opinion of the court.

## Abstract of the Decision.

1. Judgment, § 142*—*when judgment by default set aside.* Where a party to a suit fails to be present in the trial and a judgment is entered against him, before the court will set aside the same the defendant must show by his affidavit, first, that he has not been negligent, and second, that he has a meritorious defense.

2. Judgment, § 132*—*when vacation of discretionary with court.* The vacation of a judgment is discretionary with the court, and its discretion will be controlled only in case of abuse.

3. JUDGMENT, § 160*—*when defendant guilty of negligence warranting refusal, to set aside judgment by default.* Where a defendant has been notified that the plaintiff would ask that the cause be set for trial and the latter appeared each day for ten days in the regular published trial call, though the defendant received a telephone message on the same day that the notice was received, purporting to come from some one representing counsel for the plaintiff, that he need pay no further attention to the notice, the defendant is guilty of negligence sufficient to justify the trial court in refusing to set aside the judgment on default.

4. PRINCIPAL AND AGENT, § 169*—*when agent personally bound by contract.* One entering into a contract for the sale of real estate personally and not as agent is thereby bound personally although he was in fact an agent.

5. BROKERS, § 88*—*when evidence sufficient to sustain finding that defendant entered into personal contract with broker.* In an action to recover commissions for the sale of real estate, evidence examined and *held* to sustain a finding that the defendant entered into a contract with a broker for such sale in a manner binding the defendant personally and not as agent only.

6. PRINCIPAL AND AGENT, § 169*—*when agent having authority to contract personally liable to third person.* One undertaking to contract as agent for an individual or corporation but contracting in a manner not binding on his principal is personally liable, and, when sued, cannot exonerate himself from personal responsibility by showing his authority to bind the one for whom he has undertaken to act.

7. PRINCIPAL AND AGENT, § 169*—*when agent liable as vendor for commissions.* The rule that even if a purchaser knows that the party selling is a broker, and there is reason to believe that he is selling for some principal, yet if such broker does not bind his principal by the form of the contract made and does bind himself thereby he may be held to the liability of a vendor, *held* applicable to the liability of an agent for commissions, under a contract with a broker, for the sale of his principal's real estate.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.